UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
8/23/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| ELLIS D. THOMAS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-1383 (UNA) |
| | ) |
| | ) |
| DC LAW ENFORCEMENT *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's Complaint filed *pro se* and his application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). It also assists the Court in determining whether it has jurisdiction over the subject matter.

1

Plaintiff purports to sue "DC Law Enforcement," Compl. Caption, as well as D.C. Superior Court and an individual in Prince William County, Virginia, Compl. at 2-3. The events giving rise to this action are alleged to have occurred in the District and Atlanta, Georgia, from "2002 – currently." *Id*. at 4-5. Plaintiff alleges only that "over the years," he has been assaulted by "DC MPD" and "plain clothed officers" during traffic stops and searches, "especially during the raid of [his] D.C. residence in 2006." *Id*. at 5. He seeks compensatory and punitive damages of $7,750,000.00. *Id*. A complaint, such as here, "that contains only vague and conclusory" assertions fails to satisfy the pleading requirements of Rule 8(a). *Hilska v. Jones*, 217 F.R.D. 16, 21 (D.D.C. 2003) (citing *Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 514 (2002)). Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

                                                                                                 _____s/_____
                                                                                 EMMET G. SULLIVAN

Date: August 23, 2021                                            United States District Judge